**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRENT ROBINSON<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:25-CV-243-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff Trent Robinson on May 29, 2025, and Plaintiff's Opening Brief [DE 12], filed on August 27, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On February 11, 2026, the Commissioner filed a response, and Plaintiff filed a reply on February 12, 2026. For the following reasons, the Court remands the Commissioner's decision.

**I. Background**

On April 29, 2021, Plaintiff filed applications for benefits, with an amended alleged onset date of February 27, 2021. Plaintiff's application was denied initially and upon consideration. On June 27, 2024, an Administrative Law Judge ("ALJ") held a telephonic hearing at which Plaintiff, along with an attorney, his mother, and a vocational expert ("VE"), testified. On August 2, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2026.

2. The claimant has not engaged in substantial gainful activity since February 27, 2021, the amended alleged onset date.

3. The claimant has the following severe impairments: major depressive disorder; attention deficit hyperactivity disorder; generalized anxiety disorder; and neurocognitive disorder due to traumatic brain injury.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember, and carry out simple instructions and make simple work-related decisions. The claimant can sustain an ordinary routine without special supervision and can tolerate occasional changes in work setting. The claimant can work at a consistent pace throughout a workday, but not at a production rate pace where each task must be completed within a strict time deadline. He can meet end of day goals. The claimant can tolerate occasional interaction with coworkers and supervisors, but to limit the duration and intensity of those interactions there should be no teamwork or tandem tasks. The claimant can have no interaction with the public.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49 on the alleged disability onset date.

8. The claimant has at least a high school education.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability as defined in the Social Security Act from February 27, 2021, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ relied on a flawed agency consultant opinion in crafting the RFC and related hypothetical and erred in failing to include all relevant limitations in the RFC. The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

Plaintiff argues that the ALJ erred in the description of the RFC by failing to include a need for redirection or reinstruction. Even after several years working on recovery from his 2021 traumatic brain injury, Plaintiff was assessed with moderate processing problems and anxiety that affected his job performance. He argues that the stage agency consultant misread an examining physician's report in the record and therefore did not address the significant effect of Plaintiff's

anxiety on his processing and memory, so the resultant RFC is inaccurate. Plaintiff also argues that the ALJ ignored evidence of disability in the record, including frequent need for redirection noted in physician notes and during the hearing itself.

The ALJ concluded that Plaintiff has a moderate limitation in understanding, remembering, or applying information and a moderate limitation in adapting or managing himself, but did not include any memory-related limitations in the RFC, without explanation. Plaintiff argues that the medical evidence demonstrates that Plaintiff's mental processing and memory difficulties are greater than just "moderate," particularly when he is experiencing anxiety, and points to other evidence in the record of Plaintiff's memory limitations, including the opinion of his previous employer, who opined that Plaintiff was unable to work, in significant part because of his inability to remember and follow simple instructions. AR 427-28. Plaintiff argues that the ALJ emphasized the evidence in support of her opinion and ignored less favorable evidence. "An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). Even were the Court to conclude that the ALJ's findings of moderate limitation are well-supported, a conclusion not reached herein, it still is not apparent how the limitations were incorporated into the RFC.

The ALJ concluded that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace, and a moderate limitation interacting with others, but it is not apparent to the Court that the questions addressed to the VE adequately captured Plaintiff's limitations in concentration, persistence, pace, and memory. "Again and again, [the Seventh Circuit Court of Appeals] ha[s] said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these

limitations." *Winsted v. Berryhill*, 923 F.3d 472, 476-77 (7th Cir. 2019) (collecting cases). "Although it is not necessary that the ALJ use the precise terminology of 'concentration,' 'persistence,' or 'pace,' [courts] will not assume that a VE is apprised of such limitations unless he or she has independently reviewed the medical record." *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015). A hypothetical that does not include these terms may still be sufficient if it is "manifest that the ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Connor-Spinner*, 627 F.3d at 619.

In this case, the ALJ's hypothetical to the VE did not mention any specific difficulty concentrating or with memory other than limiting the instructions to "simple." It reflected the same limitations as is in the ultimate RFC, with the ability to "understand, remember, and carry out simple instructions," to "sustain an ordinary routine without special supervision" and to "work at a consistent pace throughout the work day but not at a production rate pace" while still "meet[ing] end of day goals." AR 79. The VE went on to testify that if an employee were off task more than 15% of the workday, took unscheduled work breaks or unscheduled time off more than once per month, or if the employee needed reinstruction on work tasks monthly or more frequently, they would not be able to maintain employment. AR 79, 82-83. Even leaving aside the logical inconsistency of how a worker would be able to meet end of day production goals despite the inability to work at production rate pace – especially since there is no indication in the record that Plaintiff would ever have periods of working at *faster* than production rate pace – it is not apparent to the Court whether there are jobs that Plaintiff is able to do given his additional limitations in concentration, persistence, and memory. *Keck v. O'Malley,* No. 22-1716, 2024 WL 3935441, at *3 (7th Cir. Aug. 26, 2024) (remanding where "the ALJ disregarded the moderate limitations in the psychologists' opinions by failing to account for them in the RFC" because "though the ALJ found

that Keck had moderate CPP limitations, he . . limited her to certain kinds of work—simple tasks, no multitasking, and so on—without addressing whether she could do that work persistently, such as throughout a normal workday or workweek. Nor did the RFC address the time-off-task limitation") (citations omitted); *Martin v. Saul*, 950 F.3d 369, 373–74 (7th Cir. 2020) ("someone with problems concentrating may not be able to complete a task consistently over the course of a workday, no matter how simple it may be"); *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019) ("[O]bserving that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift. . . When the ALJ supplies a deficient basis for the VE to evaluate the claimant's impairments, this error necessarily calls into doubt the VE's ensuing assessment of available jobs.") (citations omitted); *DeCamp v. Berryhill*, 916 F.3d 671, 675-76 (7th Cir. 2019) ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."); *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014) ("[W]e have repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.").

An ALJ's decision denying benefits will be affirmed "so long as it is supported by substantial evidence, a threshold that is not high." *Chrisman on behalf of N.R.C. v. Bisignano*, 137 F.4th 618, 624 (7th Cir. 2025) (citations and quotation marks omitted). Although ALJs do not need to discuss every piece of evidence, they are required to build a logical bridge spanning the evidence and conclusions "sufficient to allow [the reviewing court] to assess the validity of the ultimate findings and afford meaningful review," and ALJs must not "ignore a line of evidence supporting

a finding of disability." *Id.* In this case, there is no logical bridge between the ALJ's description of Plaintiff's limitations and the conclusion that he is able to perform work. Plaintiff also argues that the assessment of his limitations does not adequately reflect the record. On remand, the ALJ is reminded of the directives regarding weighing evidence, particularly the medical evidence of treating and examining providers. *See* 20 C.F.R. § 404.1520c(c)(3)(i)-(v) (requiring the ALJ to take into account the length and extent of the treatment relationships, as well as the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder"); *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]"); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions.").

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 12] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 4th day of September, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record